Dear Mayor Kerner:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment of back wages to the former Mayor and Aldermen. You indicate in 1975 the aldermen of the Town of Jean Lafitte passed an ordinance setting the salary of the aldermen at $100.00 per month and six years later passed a resolution which raised the pay. After some time the increase came into question and the town discontinued the higher salaries and returned to paying the amount set by the ordinance.
Several aldermen filed suit against the town seeking back pay on the amount they would have earned if the Town had not returned to the provisions of the ordinance. Judgment was rendered in the district court in favor of the plaintiffs seeking back pay, and was affirmed on appeal, Despaux v. Town of Jean Lafitte, 651 So.2d 997
(La.App. 1995). The Louisiana Supreme Court subsequently denied writs, 654 So.2d 349 (La. 1995).
We understand the position of the Town in the litigation was that the resolution could not have changed the pay scale thereby overriding an ordinance, but the court concluded since the increased amounts were budgeted in the years following the attempted increase by resolution, the aldermen and mayor were assuming that these amounts were to be paid them for their services, and the annual budgets reflecting the increases were properly enacted ordinances.
From the law suit it can be concluded these parties would be entitled to the same payments as awarded to the plaintiffs in a similar position in the earlier suit, although there is not a judgment in favor of the parties in question since they were not parties to the suit. However, it is likely a suit would reach a similar result casting the Town in judgment.
Additionally, this office has stated while the better policy would be adoption of a specific ordinance for the salary increase, the increase may be allowed by enactment of the ordinance to adopt the annual budget that reflected the increase. Atty. Gen. Op. No. 93-616, 94-219. Therefore, this would not be a donation but reimbursement for past due salaries.
Thus, under the reasoning of this office in earlier opinions and the judgment in favor of the aldermen against the town, we would conclude the Town "may" pay the back wages to former aldermen that were budgeted as an increase over that set forth by the earlier ordinance. We do not find that the Town "must" make these payments to parties who were not parties to the, suit but do not find that the payments would violate the constitutional provision prohibiting the donation of public funds, and would avoid the cost of litigation.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General